### PINK HOLLIDAY v. STATE OF FLORIDA

35 So. (2nd) 4                     January Term, 1948
March 30, 1948                              En Banc
Rehearing denied May 10, 1948

*Fisher, Fisher, Hepner & Fitzpatrick,* for appellant.

*J. Tom Watson,* Attorney General, *Ernest W. Welch,* Assistant Attorney General, and *Lucille Snowden,* Special Assistant Attorney General, for appellee.

PER CURIAM:

On appeal here it is contended that the evidence adduced on the part of the State is legally insufficient to support a verdict and judgment of manslaughter. We have examined the transcript of the record and briefs and have concluded that the appellant has not carried the burden of proof establishing reversible error, as required by law, and accordingly the judgment of the court below is affirmed.

TERRELL, CHAPMAN, SEBRING and ADAMS, JJ., concur.

THOMAS, C. J., and BARNS, J. dissent.

BARNS, J., dissenting:

I dissent because the evidence fails to establish defendant's

guilt beyond a reasonable doubt. It is fairly well established that the accused first shot at the deceased in self defense when the deceased was very near the accused and cutting at him with a knife. The accused states he then shot at the deceased three times. This is corroborated. There were three wounds on the left side of deceased. There is evidence that the accused shot at the deceased while pursuing the deceased.

There were three wounds in the back of deceased, but the evidence fails to establish whether the bullets entered from the rear or front. So there is no conclusive evidence that all six wounds were made by three bullets penetrating the body.

I find the evidence is not sufficient to establish the defendant's guilt beyond, and to the exclusion of, a reasonable doubt.

THOMAS, C. J., concurs.